```
               UNITED STATES DISTRICT COURT

                 DISTRICT OF NEW HAMPSHIRE
```

David Nemetz,
    Plaintiff

        v.                              Case No. 13-cv-10-SM
                                        Opinion No. 2013 DNH 034
Town of Sanbornton,
    Defendant


                         **O R D E R**


    Plaintiff's motion to remand, doc. no. 6, is granted, but on different grounds than those urged in the motion.  Plaintiff's "Motion to Remand and Decline Jurisdiction as Forum Non Conveniens," doc. no. 7, is denied as moot.


    Plaintiff filed his "Verified Petition to Cancel Tax Deed and Set Aside Tax Lien with Prayers for Injunctive Relief and Damages" against the Town of Sanbornton in New Hampshire Superior Court.  The Town removed the case, invoking federal question jurisdiction.  Plaintiff moves for remand.


    Plaintiff brings two federal and two state law claims, alleging, among other things, that the Town deprived him of due process when it levied tax assessments and executed and recorded a tax deed against his property, and when it later evicted him. He requests injunctive and declaratory relief, as well as

monetary damages.  The injunction he seeks would prohibit the Town from "taking further action with respect to [his] property . . . [and from] interfering with [his] complete and unfettered access to his property."

Normally this court would have subject matter jurisdiction over plaintiff's federal law claims, and supplemental jurisdiction over his state law claims.  The Tax Injunction Act, 28 U.S.C. § 1341, however, bars plaintiff's request for injunctive relief:

> The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Id.

Plaintiff, quite clearly, seeks court orders "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of [a] tax."  Because New Hampshire provides "plain, speedy, and efficient" remedies for violations of federal rights arising from the levying and collection of state taxes, see Chasan v. Village Dist. of Eastman, 572 F. Supp. 578, 583 (D.N.H. 1983) (aff'd without opinion, 745 F.2d 43 (1st Cir. 1984)), the court is without subject matter jurisdiction over plaintiff's federal claims.  See, 28 U.S.C. § 1341; Rosewell v. LaSalle Nat'l Bank,

450 U.S. 503, 528 (1981) (holding Tax Injunction Act applicable to suit seeking an injunction to prevent county treasurer from selling plaintiff's property to satisfy unpaid property taxes). See also Smith v. Ayotte, 356 F. Supp. 2d 9, 12 (D.N.H. 2005) (DiClerico, J.) ("'It is well settled that allegations of deprivations of constitutional rights do not render the [Tax Injunction] Act inapplicable.'") (quoting Schneider Transport, Inc. v. Cattanach, 657 F.2d 128, 131 (7th Cir. 1981)).

To the extent plaintiff seeks declaratory relief and monetary damages, his federal claims are barred by the principle of comity — "a principle embodied in, but not limited to, the [Tax Injunction] Act." Tomaiolo v. Mallinoff, 281 F.3d 1, 6-7 (1st Cir. 2002) (affirming, under comity principles, dismissal of "Section 1983 action for damages suffered in the allegedly unlawful administration of a state tax system") (relying on Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981)). See also Coors Brewing Co. v. Mendez-Torres, 678 F.3d 15, 30 (1st Cir. 2012) (affirming dismissal on comity grounds of declaratory action seeking invalidation of Puerto Rico beer tax).

Because the federal claims as pled in this case must be remanded, the court cannot exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(a). The case,

therefore, is remanded in its entirety to the New Hampshire Superior Court (Belknap County). See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 14, 2013

cc: Charles A. Russell, Esq.
    Donald L. Smith, Esq.